IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JOHNATHAN SEXTON,

        Petitioner,   :   Case No. 1:14-cv-445

- vs -    District Judge Sandra S. Beckwith
   Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,
  Marion Correctional Institution,

   :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Johnathan Sexton to obtain relief from his convictions in the Hamilton County Court of Commons Pleas on charges of having a weapon while under disability and violating a restraining order (Petition, Doc. No. 7, PageID 33, ¶ 5).

Sexton pleads five grounds for relief:

> **Ground One:** Improper questioning during voir dire in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts:** The prosecutor pursued a pattern of convicting Petitioner for his purported bad character and not on the evidence of the crime charged. This pattern began in voir dire.
>
> **Ground Two:** Improper introduction of prior bad acts and irrelevant and inflammatory testimony is a violation of the 14th Amendment to the U.S. Constitution.
>
> **Supporting Facts:** That the State called Apryl Bollin to testify at trial soley [sic] for the purpose to inflame the jury.

1

> **Ground Three:** Prosecutorial misconduct which permiated [sic] the entire atmosphere of the trial in violation of the Fourteenth Amendment to the Constitution.
>
> **Supporting Facts:** The prosecutor knowingly argued her case in voir dire and knowingly engaged in a pattern of illiciting [sic] testimony in violation of the rules of evidence and repeatedly vouched for the veracity of her witnesses.
>
> **Ground Four:** Ineffective Assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts:** Trial counsel failed to object to the instances of misconduct in voir dire and also failed to file a motion to suppress and a motion in limine to limit the abuses in testimony that he indicated were anticipated.
>
> **Ground Five:** Cumulative errors at trial when looked at in their aggregate constitute a violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.
>
> **Supporting Facts:** The panoply of improper voir dire, prior bad acts and bad character evidence, the introduction of testimony that had no relevance to the elements of the offense and [was] simply used to inflame the jury, plus improper vouching for witnesses deprive Petitioner [of] a fair trial under the U.S. Constitution.

*Id.*

**Procedural History**

Sexton was indicted by the Hamilton County Grand Jury on one count of having weapons under disability and one count of violation of a protection order. A jury found him guilty on both counts. The trial judge merged the counts under Ohio Revised Code § 2941.25 and sentenced Sexton to thirty months imprisonment. The First District Court of Appeals affirmed and the Supreme Court of Ohio declined jurisdiction over a further appeal.

Sexton also filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on grounds of ineffective assistance of trial counsel. The trial court denied relief and an appeal to the First District was still pending as of September 9, 2014. Sexton filed his habeas corpus petition July 16, 2014 (Doc. No. 7). On Magistrate Judge Bowman's Order (Doc. No. 6), the Respondent filed a Return of Writ (Doc. No. 11) and the State Court Record (Doc. No. 12). The deadline set by Judge Bowman for Sexton to file a reply expired October 5, 2014, and no reply was filed. The case was thus ripe for decision when it was transferred to the undersigned.

# Analysis

**Ground One: Improper Voir Dire**

In his First Ground for Relief, Sexton pleads a claim of prosecutorial misconduct by improper questioning in voir dire.

Respondent asserts this claim is procedurally defaulted because it was presented to the state courts as a claim of trial court error and not prosecutorial misconduct.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

3

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A state prisoner ordinarily does not 'fairly present' a federal claim to a state court if that court must read beyond a petition, a brief, or similar papers to find material that will alert it to the presence of such a claim.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

On direct appeal Sexton argued as his first assignment of error that "[t]he court erred in permitting improper questioning during voir dire."  Appellant's Brief argues the prosecutor argued her case in voir dire and the trial judge should have stopped it, but no constitutional claim

4

is made or any citation of constitutional authority except the completely off-point citation to *Irwin v. Dowd*, 366 U.S. 717 (1961)(State Court Record, Doc. No. 11-1, Ex. 8, PageID 101-04). The First District certainly did not understand it was being presented with a prosecutorial misconduct claim. Instead, it held that scope of voir dire was within the sound discretion of the trial court and there was no showing that "the scope of [the State's] inquiry went so far beyond the parties and the issues involved in the case that it was likely to create prejudice or an unfair attitude toward Sexton." *State v. Sexton*, Case Nos. C-130186 & C-130206 (1st Dist., Jan. 29, 2014)(unreported, copy at Doc. No. 11-1, Ex. 10, PageID 129 et seq.)

Because Sexton failed to fairly present his First Ground for Relief to the state courts, it should be dismissed with prejudice as procedurally defaulted.

**Ground Two:  Improper Introduction of Prior Bad Acts and Irrelevant and Inflammatory Testimony**

In his Second Ground for Relief, Sexton claims his trial was rendered unconstitutionally unfair by the introduction of prior bad acts testimony and other irrelevant and inflammatory testimony.

The Warden asserts this claim is also procedurally defaulted for lack of fair presentation to the state courts and alternatively that it states only a claim of error in state evidence law and not under the Constitution.

On direct appeal, Sexton's counsel argued that the admission of testimony by Apryl Bollin about the circumstances leading up to issuance of the protection order Sexton was accused of violating was irrelevant because the existence of the protection order was stipulated to (Appellant's Brief, Doc. No. 11-1, Ex. 8, PageID 104-06).  No argument is made at all that

5

admitting this evidence rendered the trial unconstitutionally unfair. Instead the claim was trial court error. *Id.* The First District decided the claim purely as a matter of trial court error and concluded that, even if it was error, it was harmless beyond a reasonable doubt because the evidence against Sexton was overwhelming. *State v. Sexton, supra*, PageID 130. Thus the Warden is correct that this claim is procedurally defaulted by failure to fairly present it to the state courts as a constitutional claim.

The Warden's alternative defense is also well taken. Even if we treat the claim as fairly presented to the state court, a habeas petitioner can obtain relief on a claim decided by the state courts only if the state court decision is contrary to or an objectively unreasonable application of clearly established Supreme Court case law. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). But the Supreme Court has never held that admission of prior bad acts evidence violates the Constitution. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).

The Second Ground for Relief should therefore be dismissed with prejudice.


**Ground Three: Prosecutorial Misconduct**

In his Third Ground for Relief, Sexton argues that prosecutorial misconduct throughout the trial made it unfair.

This claim was considered on the merits by the First District in relation to Sexton's Third Assignment of Error.  It held:

> In his third assignment of error, Sexton contends that his conviction must be reversed due to prosecutorial misconduct throughout the trial. He argues that the prosecutor asked improper questions during voir dire, improperly elicited prejudicial other-acts testimony, and made improper remarks during opening and closing arguments. This assignment of error is not well taken.
>
> None of the instances of which Sexton complains were so egregious as to affect his substantial rights or to deny him a fair trial. Therefore, we will not reverse his conviction on the basis of prosecutorial misconduct. See *State v. Keenan*, 66 Ohio St.3d 402, 405, 613 N.E.2d 203 (1993); *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990); *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 37-38. We overrule his third assignment of error.

*State v. Sexton, supra*, PageID 130-31.

In *Serra v. Michigan Dept of Corrections*, 4 F.3d 1348 (6th Cir. 1993), the court identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.* at 1355-56, *quoting Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)(citation omitted). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.), *cert. denied*, 522 U.S. 1001 (1997)(citation omitted); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988).  Claims of prosecutorial misconduct are reviewed deferentially on habeas review.  *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), rev'd on other grounds, 560 U.S. 370 (2010), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir.

7

2004), *cert. denied,* 544 U.S. 921 (2005).

In *Parker v. Matthews*, 567 U.S. ___, 132 S. Ct. 2148, 183 L.Ed. 2d 32 (2012)(per curiam), the Supreme Court summarily reversed the Sixth Circuit, *Matthews v. Parker*, 651 F.3d 489 (6th Cir. 2011)(Siler, Moore & Clay, Siler dissenting in part), noting that the "*Darden* standard is a very general one, leaving [state] courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews* at *18, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), and criticizing the Sixth Circuit's reliance on its much more detailed standard in *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006).

Upon review, the Magistrate Judge concludes the First District's decision is neither contrary to nor an objectively unreasonable application of Supreme Court case law. The Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Sexton claims he received ineffective assistance of trial counsel in various ways. This claim was also presented to the First District and decided by it on the merits as follows:

> In his fourth assignment of error, Sexton contends that he was denied the effective assistance of counsel. Sexton has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the result of the proceeding would have been otherwise. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668, 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thomas* at ¶ 50-52. We overrule Sexton's fourth assignment of error.

*State v. Sexton, supra*, PageID 131.

The First District's decision relied on the governing standard for ineffective assistance of trial counsel claims in Strickland and Sexton has failed to show its application was objectively unreasonable. Therefore the Fourth Ground for Relief should be dismissed with prejudice.

**Ground Five:  Cumulative Error**

In his Fifth Ground for Relief, Sexton asserts that the accumulation of errors in his trial denied him a fair trial.

Errors cannot be accumulated in this way to justify habeas corpus relief.  *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006); *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v. Robinson*, 134 S. Ct. 110 (2013).  See also *Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971, *332 (S.D. Ohio 2014).

In *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), the court held:

> The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief. Thus, it cannot be said that the judgment of the Ohio courts is contrary to *Berger*, or to any other Supreme Court decision so as to warrant relief under the AEDPA. *Cf. Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983) (pre-AEDPA case; holding that "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair").

*Id.* at 447.  Cumulative error is not a basis for granting habeas relief in non-capital cases.  *Scott v.*

*Elo*, 302 F.3d 598, 607 (6th Cir. 2002).

Sexton's Fifth Ground for Relief does not state a claim upon which habeas corpus relief can be granted and should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 6, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).